# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DARRYN KELLY,<br><br>                    Plaintiff,<br>vs.<br>SERCO, INC., a New Jersey Corporation, and DOES 1-5,<br><br>                    Defendant. | CASE NO. 11cv2975 WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Re-Tax Costs filed by Relator Darryn Kelly. (ECF No. 106).

**I. Background**

On December 21, 2011, Relator Darryn Kelly, suing on behalf of the United States, initiated this action against Defendant Serco, Inc. ("Serco") based on the False Claims Act ("FCA") by filing a Complaint in this Court under seal. (ECF No. 3). On August 9, 2012, the Court ordered the Complaint unsealed because the United States declined to intervene. (ECF No. 8). On September 7, 2012, Relator filed a First Amended Complaint ("FAC"). (ECF No. 11).

On April 21, 2014, Defendant filed a motion for summary judgment. (ECF No. 65). On October 6, 2014, the Court issued an order granting Defendant's motion for summary judgment. (ECF No. 82). On October 8, 2014, judgment was entered for Defendant Serco and against Relator Kelly. (ECF No. 83). On October 22, 2014,

Defendant filed a bill of costs. (ECF No. 88). On November 4, 2014, Relator filed the Motion to Preclude Recovery of Costs or Alternatively to Stay Clerk's Taxing of Costs Pending Appeal. (ECF No. 90). On January 5, 2015, the Court denied the Motion to Preclude Recovery of Costs or Alternatively to Stay Clerk's Taxing of Costs because the Clerk of the Court had not yet taxed costs. (ECF No. 104). On January 6, 2015, the Clerk of the Court held a hearing on Defendant's bill of costs. *See* ECF No. 105. On January 13, 2015, the Clerk of the Court taxed costs in the amount of $17,982.06 in favor of Defendant. (ECF No. 105).

On January 20, 2015, Relator filed the Motion to Re-Tax Costs. (ECF No. 106). On February 9, 2015, Defendant filed an opposition. (ECF No. 107). On February 13, 2015, Relator filed a reply. (ECF No. 108).

**II. Contentions of the Parties**

Relator requests an order re-taxing costs and ordering that the parties bear their own costs. Relator contends that "Defendant's cost bill [of $17,982.06] would be devastating to Relator's financial well being." (ECF No. 106-1 at 4). Relator submits a declaration stating that his income in 2013 was $10,415, plus $22,471 in unemployment benefits. Relator states that he had to cash in his 401K for the period he was unemployed, that he has less than $2,000 in savings, and that he owns no real property. Relator contends that the record in this case demonstrates that Defendant is guilty of misconduct in performing its contracts with the United States Government by reporting time in a fraudulent manner and failing to deliver the Earned Value Management ("EVM") reporting that it contracted to provide. Relator contends that the viability of his implied certification theory in this case was "at best, a close question" or "inconsistent with 9th Circuit law." *Id.* at 6 (citing *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010)). Relator contends that an award of costs in this case would run counter to the purposes of the FCA, which provides lucrative financial incentives for private individuals to come forward to expose fraud on the federal government.

Defendant contends that Plaintiff's limited financial resources cannot overcome

the presumption that Defendant is entitled to its costs of $17,982.06. Defendant contends that Plaintiff is currently employed. Defendant contends that courts have awarded costs to prevailing defendants in FCA cases because cost-shifting does not create a chilling effect on *qui tam* plaintiffs. Defendant contends that this Court already determined that Defendant was not guilty of misconduct in working with the U.S. Government when it granted Defendant's motion for summary judgment. Defendant contends that this was not a close case; Relator produced no evidence demonstrating that EVM reporting was material to the U.S. Government's decision to pay Defendant Serco.

**III. Discussion**

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Costs may be awarded to a prevailing defendant in a *qui tam* action brought pursuant to the False Claims Act. *U.S. ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1414 (9th Cir. 1995) ("Because we conclude that section 3730(d)(4) does not constitute an express provision regarding costs, we hold that the district court did not err in awarding costs under Rule 54.")

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "This discretion, however, is not without limits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). "A district court must specify reasons for its refusal to award costs." *Id.* (quoting *Ass'n of Mexican-American Educators*, 231 F.3d at 591). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247-48 (citation omitted). "This is not an exhaustive list of good

reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (internal quotations and citation omitted). "Although a district court must 'specify reasons' for its *refusal* to tax costs to the losing party, we have never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party. The distinction is critical. A district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'" *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted) (emphasis in original). *But see Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (holding that the district court abused its discretion in declining to re-tax costs without considering the plaintiff's indigency and "the chilling effect of imposing such high costs on future civil rights litigants"). "Our requirement that the court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mexican-American Educators*, 231 F.3d at 593.

In this case, Relator has $2,000 in savings, and liquidated his 401K in order to pay for living expenses during his period of unemployment in 2013. Conversely, the public vouchers submitted by Defendant Serco to the U.S. Government for payment reflect that Defendant Serco collected upwards of $5 million on the contracts at issue in this case. *See* ECF Nos. 101-12, 101-13. The Court finds that an award of costs of $17,982.06 is not appropriate based upon Relator's limited financial resources and the economic disparities between the parties.

Relator proceeded on the theory that Defendant Serco implicitly falsely certified compliance with EVM reporting requirements when it submitted claims for payment by the U.S. Government. In opposing summary judgment, Relator submitted evidence demonstrating that Defendant Serco did not comply with the EVM reporting requirements of the contracts at issue in this case. In granting summary judgment to Defendant Serco, the Court followed *Ebeid ex rel. U.S. v.. Lungwitz*, 616 F.3d 993 (9th

Cir. 2010) and concluded that, "[u]nder a theory of implied false certification, it is only possible for a claimant to implicitly certify compliance with a law, rule, or regulation if there is a relevant 'statute, rule, regulation, or contract' in place that conditions payment of the claim on compliance with that underlying law, rule or regulation." (ECF No. 82 at 11) (citing *Ebeid*, 616 F.3d at 999-1001). After considering the evidence submitted by Relator in opposition, the Court concluded that there was no triable issue of fact as to whether Defendant Serco implicitly certified compliance with EVM reporting requirements because there was no statute, rule, regulation, or contractual term that conditioned Defendant Serco's payment on compliance with EVM reporting requirements. *See* ECF No. 82 at 12-16.

However, there is a circuit split on this very issue. Some circuits have taken the same approach as the Ninth Circuit. *See, e.g.*, *Mikes v. Straus*, 274 F.3d 687, 700 (2d Cir. 2001) ("[I]mplied false certification is appropriately applied only when the underlying statute or regulation upon which the plaintiff relies expressly states the provider must comply in order to be paid."). Other circuits have adopted an approach recognizing implied false certification claims where the breach of the government contract was material and committed knowingly. *See, e.g.*, *U.S. ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 386-87 (1st Cir. 2011) (disagreeing with *Ebeid*, reasoning that a rule that "only express statements in statutes and regulations can establish preconditions of payment is not set forth in the text of the FCA[,]" and holding that liability under the FCA will lie where "a defendant acted knowingly and the claim's defect is material"); *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1269 (D.C. Cir. 2010) (holding that "to establish the existence of a 'false or fraudulent' claim on the basis of implied certification of a contractual condition, the FCA plaintiff—here the government—must show that the contractor withheld information about its noncompliance with material contractual requirements" and holding that "[t]he existence of express contractual language specifically linking compliance to eligibility for payment may well constitute dispositive evidence of materiality, but it is not ... a

necessary condition").

The Court concludes that this case is not "ordinary" and that it would be "inappropriate" and "inequitable" to award costs to Defendant Serco in this case. *Ass'n of Mexican-American Educators*, 231 F.3d at 593. Relator's motion to re-tax costs is granted. The Court orders that each party shall bear their own costs.

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Re-Tax Costs (ECF No. 106) is GRANTED. The Order Taxing Costs (ECF No. 105) is VACATED. Each party shall bear their own costs.

DATED: March 16, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge